2014 UT App 84

STATE of Utah, IN THE INTEREST OF J.Q., A Person Under Eighteen Years of Age.

J.Q., Appellant,

v.

State of Utah, Appellee.

No. 20140114–CA.

Court of Appeals of Utah.

April 17, 2014.

Colleen K. Coebergh, Attorney for Appellant Sean D. Reyes and John M. Peterson, for Appellee.

Martha Pierce, Guardian ad Litem.

Before JUDGES JAMES Z. DAVIS, J. FREDERIC VOROS JR., AND JOHN A. PEARCE.

Decision

PER CURIAM:

¶ 1 J.Q. (Father) appeals the termination of his parental rights. We affirm.

¶ 2 "[I]n order to overturn the juvenile court's decision [to terminate a person's parental rights,] 'the result must be against the clear weight of the evidence or leave the appellate court with a firm and definite conviction that a mistake has been made.'" *In re*

*B.R.*, 2007 UT 82, ¶ 12, 171 P.3d 435 (citation omitted). We "review the juvenile court's factual findings based upon the clearly erroneous standard." *In re E.R.*, 2001 UT App 66, ¶ 11, 21 P.3d 680. A finding of fact is clearly erroneous only when, in light of the evidence supporting the finding, it is against the clear weight of the evidence. *See id.* Additionally, a juvenile court has broad discretion regarding judgments based on the juvenile court's specialized experience and training, as well as its ability to judge credibility firsthand. *Id.* Finally, "[w]hen a foundation for the court's decision exists in the evidence, an appellate court may not engage in a reweighing of the evidence." *In re B.R.*, 2007 UT 82, ¶ 12, 171 P.3d 435.

¶ 3 Father asserts that there was insufficient evidence to establish that termination of his parental rights was in the child's best interest. We disagree. After the child was removed from his custody, Father disappeared for approximately six months. During this time, he did not visit or attempt to contact his child, he did not appear for court hearings, and he failed to contact the caseworker in charge of the case. Further, he made very little effort to accomplish any of the elements included in his service plan. He explained his absence by saying it was caused by sadness, stress, and anxiety over the child's removal. By the date of the trial, Father had accomplished little of the service plan created to help reunify him with his child and had demonstrated an unwillingness or inability to deal with stress even when his relationship with his child was at stake. Conversely, the child had been in a placement for several months with a family that loved him and provided him with the stability and security that he needed. Further, the foster family desired to adopt the child. Thus, there was sufficient evidence to support the juvenile court's determination that it was in the child's best interest to terminate Father's parental rights in order to allow his adoption into a stable home.

¶ 4 Affirmed.